UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**EDDIE HARTSFIELD,**                                    **CASE NO.**

    **Plaintiff,**

vs.

**PIKE ELECTRIC, INC. and/or**
**PIKE ELECTRIC, LCC,**

    **Defendants.**
_____/

## COMPLAINT

Plaintiff, EDDIE HARTSFIELD, hereby sues Defendants, PIKE ELECTRIC, INC. and/or PIKE ELECTRIC, LLC, and alleges:

## NATURE OF THE ACTION

1. This is an action brought under the Family and Medical Leave Act (FMLA) of 1993, 29 U.S.C. §2612 et. seq.

2. This is an action involving a claim which is in excess of Seventy Five Thousand Dollars ($75,000.00), exclusive of costs and interest.

3. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331 (federal question jurisdiction).

## THE PARTIES

4.    At all times pertinent hereto, Plaintiff, EDDIE HARTSFIELD, has been a resident of the State of Florida and was employed by Defendant, PIKE ELECTRIC, INC., the predecessor of Defendant, PIKE ELECTRIC, LLC.  Plaintiff is a protected employee under the FMLA in that he worked for Defendant for at least 12 months and he worked at least 1,250 hours within the preceding 12 month period prior to his need for leave.  Plaintiff's wife developed a serious health condition, violent seizures, following a stroke in late November 2009.  Within a few weeks of his wife's diagnosis, Plaintiff needed and requested reasonable leave to care for her serious medical condition.

5.    At all times pertinent hereto, Defendants, PIKE ELECTRIC, INC. and/or PIKE ELECTRIC, LLC, have been organized and existing under the laws of the State of Florida.  At all times pertinent to this action, Defendants have been "employers" as that term is used under the applicable laws identified above.  Defendants have also been engaged in commerce and/or in an industry affecting commerce and employed 50 or more employees for each working day during each of 20 or more calendar workweeks in 2009-2010.

## STATEMENT OF THE ULTIMATE FACTS

6.    Plaintiff began his permanent work with Defendant on December 12, 2005.  During his employment with Defendants, Plaintiff maintained an exemplary work record as per Defendants' system of employee evaluations.  Plaintiff was fired on January 15, 2010.

7. In late November of 2009, Plaintiff's wife suffered a massive stroke. Almost immediately thereafter, Plaintiff's wife began having seizures, though at the time they were not as severe as they later became.

8. In early December 2009, Plaintiff opted to take one week of paid vacation, to which he was then entitled, in order to care for his wife. Due to her condition, Plaintiff's wife was unable to care for herself or the couple's children. At the time, Plaintiff was working out of state and could only be home on weekends.

9. Upon returning to work, Plaintiff worked for three weeks without incident. It was at this time, however, that Plaintiff's wife's condition worsened; her seizures became quite severe, and Plaintiff requested a short leave of absence to care for his wife. Plaintiff informed his supervisor that he would need anywhere from one week to one month off of work. Plaintiff's supervisor then advised that he understood completely, and that Plaintiff's job would be "waiting for [him] when [he got] back." Nevertheless, while on leave, Plaintiff was fired.

10. Accordingly, Plaintiff has retained the undersigned to represent his interests in this action and is obligated to pay her a reasonable fee for her services. Defendants should be made to pay said fee and any costs affiliated with this action and any underlying administrative process.

## COUNT I: FAMILY AND MEDICAL LEAVE ACT
### (interference and retaliation claims)

11. Paragraphs 1-10 are incorporated herein by reference.

12. This is an action against Defendants for interfering with Plaintiff's right to use the FMLA leave to which he was entitled, and for retaliating against Plaintiff for exercising that right.

13. Defendants, after Plaintiff sought and took leave for his wife's serious health condition, both impeded Plaintiff's ability to use his FMLA leave and retaliated against him for attempting to do so by terminating his employment for exercising his right to use FMLA leave. Plaintiff needed and requested short-term leave to assist with his wife's serious medical condition, which was initially granted but then used against Plaintiff. Plaintiff was ultimately fired for exercising his right to take leave.

14. Defendants intentionally interfered with Plaintiff's FMLA rights and retaliated against him for taking leave that was authorized under the FMLA in that it terminated Plaintiff after taking authorized leave. Defendants' violations of the FMLA were willful.

15. As a direct and proximate cause of Defendants' acts described in part above, Plaintiff has sustained damages for the loss of her employment, as well as the security and peace of mind it provided him. Plaintiff has sustained mental, nervous, and emotional injury. Plaintiff has incurred additional damages including lost wages, pain and suffering, mental anguish, loss of capacity for the enjoyment of life, and other damages attendant with the loss of her job. These damages have occurred in the past, are occurring at present and will continue in the future.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

     (a)     that process issue and this Court take jurisdiction over this case;

     (b)     that this Court grant equitable relief against Defendants under the applicable counts set forth above, mandating Defendants' obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

     (c)     enter judgment against Defendants and for Plaintiff awarding damages, including without limitation punitive damages, to Plaintiff from Defendants for Defendants' violations of law enumerated herein;

     (d)     enter judgment against Defendants and for Plaintiff permanently enjoining Defendantsfrom future violations of federal law enumerated herein;

     (e)     enter judgment against Defendants and for Plaintiff awarding Plaintiff attorney's fees and costs; and

     (f)     grant such other further relief as being just and proper under the circumstances.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues set forth herein which are so triable.

Dated this 22nd day of April, 2011.

Respectfully submitted,

<u>/s/ Marie A. Mattox</u>
Marie A. Mattox [FBN 0739685]
MARIE A. MATTOX, P. A.
310 East Bradford Road
Tallahassee, FL 32303
Telephone:  (850) 383-4800
Facsimile:   (850) 383-4801
ATTORNEYS FOR PLAINTIFF